# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ROBERT FIEDLER; and MURIEL FIEDLER,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUSAN STACY; NANCY BRANDT; GENNIFER BRIDGES; GINGER BOYD; ADAM J. KNIGHT; and JACQUELINE SIMMS-PETREDIS,<br><br>    Defendants. | Case No. 6:23-cv-1958-CEM-RMN |

## REPORT AND RECOMMENDATION

Robert Fiedler and Muriel Fiedler, proceeding *pro se*, have filed a civil complaint against Judge Susan Stacy, Nancy Brandt, Gennifer Bridges, Ginger Boyd, Adam Knight, and Jacqueline Simms-Petredis (Dkt. 3), and a Motion to Proceed *in forma pauperis* ("IFP Motion," Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint with leave to file an amended complaint.

### I. LEGAL STANDARDS

While reviewing the allegations in the Complaint and the IFP Motion, the Court must consider the standards below.

### A. Subject Matter Jurisdiction Standards

Federal courts have an independent duty to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction under 28 U.S.C. § 1331 "aris[es] under the Constitution, laws, or treaties of the United States." Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and defendants. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no plaintiff may be a citizen of the same state as any defendant. *Id.*

### B. Pleading Standards

A complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard asks for less than a probability but "more than a sheer possibility

that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

C.   **Liberal Construction Standards**

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### D.   In Forma Pauperis Standards

A court may authorize a plaintiff to initiate a lawsuit without prepaying fees. 28 U.S.C. § 1915(a)(1). While a litigant need not show he is "absolutely destitute," he must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

That said, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, before a plaintiff may proceed in forma pauperis, a court must review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.   ANALYSIS

The resolution of Plaintiff's IFP Motion turns on the adequacy of the Complaint. The Complaint indicates that Plaintiffs are attempting to bring a 42 U.S.C. § 1983 action under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. 3 at 3. The basis of the action is Plaintiffs alleged inability to assert defenses in their ongoing foreclosure case in the

Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida under Case Number 2015-CA-000412.[1] *Id.* at 5, 8.

Federal district courts are courts of limited jurisdiction and must nonetheless abstain from hearing a federal case that interferes with pending state proceedings. That principle is called the *Younger* abstention doctrine. In a case called *Younger v. Harris*, the Supreme Court held that a federal district court must not interfere with pending criminal state court proceedings except under certain special circumstances.[2] 401 U.S. 37, 53–54 (1971). Although *Younger* involved a criminal proceeding, its principles have been interpreted to be "fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Such abstention is required by "a proper respect for state functions" and "the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 53–54. The *Younger* abstention doctrine applies to Plaintiffs' claims. Thus, this Court is prohibited from interfering with Plaintiffs' pending state court proceeding.

---

[1] The ongoing state proceeding can be found by searching the case number at https://courtrecords.seminoleclerk.org/civil/.

[2] There are no special circumstances in this case that would warrant an exception to *Younger* abstention.

## III.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. Plaintiffs' Motion to Proceed *in forma pauperis* (Dkt. 2) be **DENIED**;

2. Plaintiffs' Complaint (Dkt. 3) be **DISMISSED without prejudice**; and

3. Plaintiffs be **granted** leave to file an amended complaint.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on October 24, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

- 7 -

Copies to:

Hon. Carlos E. Mendoza

Robert Fiedler
Muriel Fiedler
902 Lingo Court
Oviedo, Florida 32765