UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT FIEDLER and MURIEL FIEDLER,**

       **Plaintiffs,**

v.                                         Case No.  6:23-cv-1958-CEM-RMN

**SUSAN STACY, NANCY BRANDT, GENNIFER BRIDGES, GINGER BOYD, ADAM J. KNIGHT, and JACQUELINE SIMMS-PETREDIS,**

       **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion to Proceed *In Forma Pauperis* ("First Motion," Doc. 2), upon which the United States Magistrate Judge issued a Report and Recommendation ("First R&R," Doc. 12), and on Plaintiffs' Amended Motion to Proceed *In Forma Pauperis* ("Second Motion," Doc. 13), upon which the United States Magistrate Judge issued a Report and Recommendation ("Second R&R," Doc. 15). This cause is also before the Court on Plaintiffs' Objection (Doc. 30) to the Magistrate Judge's Order (Doc. 29) denying Plaintiffs'

Motion to Withdraw (Doc. 27). For the reasons set forth below, the R&Rs will be adopted, Plaintiffs' Motions will be denied, the Objection will be overruled.

### I. BACKGROUND

Plaintiffs are defendants in an underlying, state court foreclosure proceeding. Defendant Susan Stacy is the presiding judge in that proceeding, and the remaining Defendants are attorneys representing the plaintiffs in the underlying foreclosure proceeding. (Am. Compl., Doc. 3, at 7–8). Plaintiffs allege that they were judicially estopped from asserting certain defenses in the foreclosure proceeding and their motion for reconsideration was denied and appeal to the Florida Fifth District Court of Appeal ("Fifth DCA") was dismissed. (Doc. 3 at 8). As a result, Plaintiffs filed the instant case, asserting that Defendants actions in the foreclosure proceeding violated their constitutional rights. (*Id.* at 3).

Upon review of Plaintiffs' First Motion, the Magistrate Judge issued the First R&R, recommending that the First Motion be denied and the Amended Complaint be dismissed under the *Younger* abstention doctrine. (Doc. 12 at 6). Plaintiffs filed Objections (Doc. 14) as well as their Amended Motion (Doc. 13). The Magistrate Judge issued the Second R&R, noting that the Amended Motion to Proceed IFP changed nothing in his substantive analysis and recommending that the Amended Motion also be denied and reiterating his recommendation that the Amended Complaint be dismissed under the *Younger* abstention doctrine. Plaintiffs again filed

Objections (Doc. 16).¹ Subsequently, Plaintiffs sought to withdraw their Motions, asserting that they were anticipating an inheritance and expected to be able to pay the filing fee soon. The Magistrate Judge denied the Motion to Withdraw without prejudice, noting that Plaintiffs were able to pay the filing fee at any time, which would render their Motions moot. Plaintiffs did not pay the filing fee but did file an Objection.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Appeals of a Magistrate Judge's non-dispositive orders are reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *Jordan*

---

¹ Plaintiffs also filed a Motion for Preliminary Injunction (Doc. 24), asking this Court to enjoin the underlying foreclosure proceedings. Because the Court determines that *Younger* abstention doctrine applies, to the extent Plaintiffs' claims seek injunctive relief, they will be dismissed. Therefore, Plaintiffs' request for a preliminary injunction will be denied as moot.

*v. Comm'r, Miss. Dep't of Corr.*, 908 F.3d 1259, 1263 (11th Cir. 2018). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Kramer*, 778 F.Supp.2d 1320, 1326–27 (M.D. Fla. 2011)).

### III.  ANALYSIS

#### A.  Younger Abstention

"While the federal courts have a 'virtually unflagging' obligation to hear the cases before them, the *Younger* doctrine presents a narrow exception." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (quotation omitted). "*Younger* 'requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding.'" *Id.* (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). "The Supreme Court has recognized only three types of state proceedings where abstention is warranted: (1) 'criminal prosecutions'; (2) 'civil enforcement proceedings'; and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' . . . judicial functions." *Id.* at 907–08 (quoting *New Orleans Pub. Serv., Inc. v. Council*

*of the City of New Orleans*, 491 U.S. 350, 367–68 (1989)). This last category includes "a State's interest in enforcing the orders and judgments of its courts." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72–73, 134 S. Ct. 584, 588 (2013) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987)).

Here, Plaintiffs' claims fall directly within the last category—Plaintiffs are asking this Court to enjoin and reverse state court orders, stop a state court judgment, and award damages based on a finding that the state court order was incorrect. The Eleventh Circuit has addressed a nearly identical situation and determined that it fell squarely within this last category. *Shepherd v. United States Bank, Nat'l Ass'n*, 839 F. App'x 304, 306 (11th Cir. 2020).

Where, as here, "a federal lawsuit overlaps with one of these types of state proceedings, and the federal court is asked to interfere in the state proceeding, the federal court must consider whether the three factors enumerated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982), are present." *Leonard*, 61 F.4th at 908. These factors are: (1) "is the state proceeding 'ongoing' at the same time as the federal one?"; (2) "does the state proceeding implicate an 'important state interest'?"; and (3) "does the state proceeding provide an 'adequate opportunity' to raise the federal claim?" *Id.* (quoting *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1268 (11th Cir. 2019)).

Plaintiffs' acknowledge that the first *Middlesex* factor is satisfied because the underlying foreclosure action is ongoing. Instead in their Objections, Plaintiffs argue that the second two factors are not satisfied. As to the second, Plaintiffs assert that there is no important state interest because the foreclosure proceedings are between two private parties. Plaintiffs cite no legal authority for this proposition, and the Eleventh Circuit has held in this exact context that "[t]he state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to Florida property." *Shepherd*, 839 F. App'x at 306.

As to the final *Middlesex* factor, Plaintiffs assert that they do not have an adequate opportunity to raise these arguments in the state court proceeding because they lost at the state court and the appellate court. The burden is on the plaintiff to show that the state forum is not adequate to adjudicate their federal [claims]." *Leonard*, 61 F.4th at 908. "Adequacy in this context is not about the quality of the state proceedings, but rather about 'whether th[e] challenge can be raised in the pending state proceedings' at all." *Id.* at 908–09. "Simply put, generalized arguments about the inadequacy, inconvenience, or complexity of proceedings before a state tribunal will not do. 'Instead, what matters is whether the plaintiff is procedurally prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States

Supreme Court.'" *Id.* at 909 (internal quotations and citations omitted). "To demonstrate that claims are procedurally prevented in state tribunals, plaintiffs should provide evidence of state laws, rules, or procedures that would allow a district court to evaluate whether the plaintiff's federal claims will effectively be shut out from the judicial system and cut off from effective review in the courts." *Id.*

Plaintiffs assert that he attempted to raise these issues but he was denied relief because the state appellate court—the Fifth DCA—dismissed his appeal for lack of jurisdiction. However, it is apparent from Plaintiffs' Amended Complaint and the underlying trial and appellate dockets that Plaintiffs attempted to seek interlocutory appeal of the trial court's order. Plaintiffs have provided no evidence that they would be procedurally barred from raising these issues at the trial court level and appealing any decision to the Fifth DCA once the trial court proceeding is completed. Therefore, Plaintiffs have not met their burden under the third *Middlesex* factor.

"*Younger* recognized that in certain 'extraordinary circumstances' a federal court should refuse to abstain even if the other factors warrant it." *Id.* "*Younger*'s progeny have crystalized these exceptions into two broad categories: proceedings instituted in 'bad faith' and proceedings founded on 'flagrantly and patently' unconstitutional laws." *Leonard*, 61 F.4th at 911. Plaintiffs assert that the bad faith exception applies here. "[P]laintiff bears the burden as to the exceptions." *See Henry v. Fla. Bar*, No. 6:15-cv-1009-Orl-41TBS, 2016 U.S. Dist. LEXIS 193505, at *9

(M.D. Fla. May 27, 2016) (citing *Thompson v. Florida Bar*, 526 F. Supp. 2d 1264, 1277 (S.D. Fla. 2007)).

Bad faith in the context of the *Younger* doctrine "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 (1975).[2] As an initial matter, it does not appear that the bad faith exception can apply to here because the underlying state court case is not a state-initiated proceeding. *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (stating that the bad faith exception is "narrow" and describing it as applying to "state proceedings"); *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004) ("While the Supreme Court has not ruled out use of the bad faith exception in civil cases, it has never directly applied the exception in such a case, and we have only recognized it in the criminal context." (internal citations omitted)); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 630 (E.D. Pa. 2014) (explaining that "a private litigant undertak[ing] the state court proceedings in bad faith" is not enough to satisfy this exception).

Moreover, even if the bad faith exception could apply to this type of proceeding, Plaintiffs have not met their burden to show that it applies here. All of Plaintiffs arguments regarding the purported bad faith by the underlying plaintiffs in

---

[2] The bad faith exception may also apply where a state-initiated proceeding is brought in retaliation for constitutionally protected conduct, *Leonard*, 61 F.4th at 911, but no such allegation is at issue here.

initiating the foreclosure action addresses the merits of the foreclosure proceeding, which is insufficient to establish bad faith. *Dandar v. Church of Scientology Flag Serv. Org.*, 619 F. App'x 945, 949 (11th Cir. 2015) ("[The plaintiff] has shown neither bad faith nor irreparable injury because his arguments for both essentially challenge the merits of the state-court proceedings, which we and the district court cannot reach because of the full faith and credit due the state court's determinations.").

Accordingly, and after review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, Plaintiffs' objections to the R&R will be overruled; this case is subject to *Younger* abstention. However, Plaintiffs bring claims for both injunctive relief and damages. "*Younger* abstention applies to claims for injunctive relief, as well as claims for declaratory judgment that would effectively enjoin state proceedings" and those claims should be dismissed. *Watson v. Fla. Judicial Quals. Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015); *Dandar*, 619 F. App'x at 948. However, where "*Younger* abstention applies to a claim for monetary damages, the Supreme Court has concluded that a district court can only stay that claim if it cannot be redressed in the state proceeding, and it has no discretion to dismiss those claims." *Watson*, 618 F. App'x at 491 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).

Therefore, to the extent Plaintiffs seek injunctive relief, their claims will be dismissed, and for the same reasons the Motion for Preliminary Injunction will be denied. To the extent Plaintiffs seek monetary relief, those claims will be stayed.

**B.     Objection**

Plaintiffs also object to the Magistrate Judge's denial of their attempt to withdraw their motions to proceed *in forma pauperis*. However, as the Magistrate Judge pointed out, Plaintiffs were able to pay the filing fee at any time, rendering the motions moot. They did not do so. Moreover, the Court is permitted to raise the *Younger* abstention inquiry *sua sponte*, and therefore, the issues discussed herein would be ripe for review regardless of any withdrawal of their motions. *Stringfellow v. Carpenter*, No. 5:23-cv-306-TJC-PRL, 2023 U.S. Dist. LEXIS 96579, at *4 (M.D. Fla. June 2, 2023) (collecting cases). The Magistrate Judge's Order will be affirmed.

**IV.     CONCLUSION**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The First Report and Recommendation (Doc. 12) is **ADOPTED** and made a part of this Order.

2. Plaintiffs' Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

3. The Second Report and Recommendation (Doc. 15) is **ADOPTED** and made a part of this Order.

4. Plaintiffs' Amended Motion to Proceed *In Forma Pauperis* (Doc. 13) is **DENIED**.

5. Plaintiffs' Objection (Doc. 30) is **OVERRULED**.

6. The Magistrate Judge's Order (Doc. 29) is **AFFIRMED**.

7. To the extent Plaintiffs seek injunctive or declaratory relief, this case is **DISMISSED** pursuant to the *Younger* abstention doctrine.

8. To the extent Plaintiffs seek monetary damages, this case is **STAYED**.

9. Within **thirty days** from the date of this Order and then every **180 days thereafter**, Plaintiffs shall file a report with the Court regarding the status of the underlying litigation. Failure to do so may result in the imposition of sanctions, including dismissal, without further notice.

10. Plaintiffs' Motion for Preliminary Injunction (Doc. 24) is **DENIED as moot**.

11. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties